Lundberg Stratton, J.,
dissenting.
*325 Lindhorst & Dreidame and James F. Brockman; and Katherine C. Morgan, for relator.
Thomas W. Condit; and Michael B. Mezher Jr., for respondent Kathleen Mezher.
Frank E. Espohl, pro se.
{¶ 26} I dissent because I would dismiss the charges. Because the rules for advertising a free consultation have never been made clear, I would still issue the opinion in this case, but I would find that the standards that it provides should apply prospectively only, to give clear notice to the bar of the requirements for this type of advertising.
{¶ 27} Here, respondents were entitled to begin earning their fee once they were retained, and they did in fact perform the work that they billed. Their only error was to fail to advise their client that billable time had started. That is a communication error, not an ethical violation. If we are to make it a violation, we should do so only with fair notice to the bar of what is expected in the future when advertising a free consultation that may become billable time after the attorney is retained.
{¶ 28} I would dismiss these charges against these respondents. They promptly changed their practices after this case, and I believe that they exercised good faith in dealing with their client. The fact that their client thought that she would get more free work after agreeing to retain the attorneys was not a reasonable assumption. As the majority pointed out, this would have never become an issue if the client had not decided to terminate the representation. Therefore, I respectfully dissent.
Pfeifer, J., concurs in the foregoing opinion.